# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT MOSER,** | : | CIVIL ACTION NO. 1:21-CV-141 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **CENTRE COUNTY CORRECTIONAL FACILITY, CHRISTOPHER SCHELL, MELANIE GORDAN, and C.O. BICKLE,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff Robert Moser, an individual who was most recently confined at the Berks County Prison, initiated the above-captioned action pursuant to 42 U.S.C. § 1983 while he was incarcerated at the Centre County Correctional Facility ("CCCF") in Bellefonte, Pennsylvania. (Doc. 1). All correspondence recently mailed to plaintiff from the court has been returned to sender, and the court has been unable to communicate with plaintiff. For the reasons set forth below, the court will dismiss this action for failure to prosecute and failure to comply with a court order.

## I.     Background

Plaintiff initiated this civil action pursuant to 42 U.S.C. § 1983 asserting various constitutional claims against defendants. (Doc. 1). After the complaint was filed, the court mailed to plaintiff its standard *pro se* letter, a notice to proceed before a magistrate judge, and excerpts from its local rules. (Doc. 4). In response to

the court's administrative order directing CCCF to provide plaintiff's certified prison account statement, CCCF advised that plaintiff had been transferred to Berks County Prison. (Doc. 8). Plaintiff then filed a letter with the court advising that he would soon be released from Berks County Prison and would provide the court with his updated address. (Doc. 11). Plaintiff has not updated his address, and the court's order granting plaintiff's application for leave to proceed *in forma pauperis* and directing service of the complaint was returned as undeliverable. (Doc. 15).

Thereafter, the court mailed to plaintiff at his last known address an order advising him of his duty to update his address with the court, requiring him to do so within twenty days, and warning him that if he failed to comply, the court would be forced to dismiss this action. (Doc. 16). The order warned plaintiff that "[f]ailure to comply with this order may result in the dismissal of this case for failure to prosecute." (Id. at 2) (citing FED. R. CIV. P. 41(b)). This order was also returned to sender. Plaintiff has failed to update his address for a period of two and a half months. (Doc. 17). A review of the inmate locator Vinelink, available at https://vinelink.com/classic/#/search, provides that plaintiff is no longer in the custody of either CCCF or the Berks County Prison. A review of the DOC's inmate locator, available at http://inmatelocator.cor.pa.gov/, also provides that plaintiff is not within the DOC's custody.

## II. Discussion

District courts have the inherent power to dismiss an action for failure to prosecute *sua sponte*. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). The United States Court of Appeals for the Third Circuit has identified six factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted). Not all of the Poulis factors need be satisfied to dismiss a complaint. See Shahin v. Delaware, 345 F. App'x 815, 817 (3d Cir. 2009) (nonprecedential) (citing Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992)).

In the present matter, plaintiff is *pro se* and solely responsible for his actions. See Colon v. Karnes, No. 11-cv-1704, 2012 WL 383666, at *3 (M.D. Pa. Feb. 6, 2012) ("Plaintiff is proceeding *pro se*, and thus is responsible for his own actions."). Plaintiff appears to no longer be incarcerated, and the court can only conclude that he is personally responsible for failing to inform the court of his whereabouts.

Second, prejudice to the adversary generally includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund, 29 F.3d 863, 874 (3d Cir. 1994). Prejudice also includes "the burden imposed by impeding a party's ability to

3

prepare effectively a full and complete trial strategy." Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). Plaintiff's continued failure to communicate with the court and his continued inaction frustrate and delay the resolution of this case. This failure to communicate prejudices the defendants who seek a timely resolution of the case. See Azubuko v. Bell Nat'l Org., 243 F. App'x 728, 729 (3d Cir. 2007) (nonprecedential) (stating that plaintiff's failure to file an amended complaint prejudices defendants and compels dismissal).

Third, plaintiff has established a history of dilatoriness through his failure to notify the court of his whereabouts and failure to comply with court orders and rules. Plaintiff's last communication with the court is dated March 10, 2021, nearly three months ago. (Doc. 11). Plaintiff has thus failed to comply with the court's local rules requiring a *pro se* litigant to update their address with the court as needed, and he has also failed to comply with the court's order directing him to update his address in a timely manner. See M.D. PA. L.R. 83.18 (providing that a *pro se* plaintiff "shall maintain on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in the action may be served upon such party."); see also Doc. 4-2 at 3-4. Should plaintiff's address change in the course of this litigation, plaintiff shall immediately inform the court of such change, in writing. (Id.) If the court is unable to communicate with the plaintiff because he has failed to notify the court of his address, the plaintiff will be deemed to have abandoned the lawsuit. (Id.) It is clear that plaintiff has failed to perform his affirmative obligations as set forth in Middle District of Pennsylvania Local Rule 83.18.

4

Regarding the next factor, "[w]illfulness involves intentional or self-serving behavior." Adams, 29 F.3d at 874. It appears that at least some of this dilatory behavior was performed willfully and in bad faith, as plaintiff has offered no explanation for his failure to provide the court with his current address and has been less than diligent in pursuing this matter.

Fifth, a district court must consider the availability of sanctions alternative to dismissal. Poulis, 747 F.2d at 869. Given plaintiff's apparent indigence, alternative, monetary sanctions would not be effective. See Dennis v. Feeney, No. 11-CV-1293, 2012 WL 194169, at *2 (M.D. Pa. Jan. 23, 2012) (finding, "monetary sanctions are unlikely to be efficacious given that Plaintiff is indigent").

The final Poulis factor is the meritoriousness of the claim. A claim will be deemed meritorious when the allegations of the complaint, if established at trial, would support recovery. Poulis, 747 F.2d at 870. The standard for a Rule 12(b)(6) motion to dismiss is utilized in determining whether a claim is meritorious. Poulis, 747 F.2d at 869-70. The court finds that consideration of this factor fails to save plaintiff's claims, since he is now wholly noncompliant with his obligations as a litigant. Thus, the weight of this factor is lessened.

Following a full analysis of the Poulis factors, the majority of the six factors weigh in favor of dismissal.

### III. Conclusion

Plaintiff has failed to update his address with the court, and has further failed to otherwise communicate with the court. The court therefore finds that dismissal is appropriate under the circumstances.

A separate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated: June 8, 2021